Sara K. Montalvo, Esq., Nev. Bar No. 11899
sara.montalvo@washoeschools.net
Kevin A. Pick, Esq., Nev. Bar No. 11683
kevin.pick@washoeschools.net
WASHOE COUNTY SCHOOL DISTRICT
P.O. Box 30425
Reno, NV 89520-3425
Telephone: 775-348-0300
Fax: 775-333-6010
Attorneys for Defendant Washoe County School District

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRISTINA ORONOZ,<br><br>    Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, and DOES I-X,<br><br>    Defendants.<br>_____/ | CASE NO.: 3:24-cv-00478-MMD-CLB<br><br>**<u>ORDER GRANTING<br>STIPULATED<br>PROTECTIVE ORDER</u>** |

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(c), in order to protect the confidentiality of confidential information obtained by the Parties in connection with this case, the Parties hereby agree as follows:

Any Party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that Party or non-party considers in good faith to contain information (herein referred to as "Confidential Information") involving: (a) employment records of any employees or former employees of any Party; (b) confidential notes, memoranda, and statements regarding non-party employees; (c) confidential information concerning the discipline and/or termination of non-party employees and former employees; (d) any document or response to discovery which that party considers in good

faith to contain information subject to protection under the Federal Rules of Civil Procedure or Nevada law; (e) medical records, including medical bills and psychological records, and medical information of any person, whether a Party or non-party to the present litigation; and (f) the name, identity, record or personally identifiable information of any student or former student of Defendant Washoe County School District which information is protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §1232g (FERPA) and any other personally identifiable information subject to protection under the Federal Rules of Civil Procedure or Nevada law, as "confidential" by stamping the relevant page or as otherwise set forth herein. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. as "confidential" by stamping the relevant page or as otherwise set forth herein.

       1.     A Party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other Party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described herein below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described herein below, and counsel for all Parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

2. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely for the purpose of this case.

3. Except with the prior written consent of other Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a) Counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b) Employees of such counsel;

    c) Individual defendants, class representatives, any officer or employee of a Party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

    d) Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the Party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

    e) Any authors or recipients of the Confidential Information;

    f) The Court, Court personnel, and court reporters; and

    g) Non-party witnesses (other than persons described in paragraph 4(e)). A non-party witness (other than persons described in paragraph 4(c) and 4(e)) shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a non-party witness (other than persons described in paragraph 4(c) and 4(e)) who will not sign the Certification only in a deposition at which the Party who designated the

1  Confidential Information is represented or has been given notice that Confidential Information
2  shall be designated "Confidential", as set forth herein above. Witnesses shown Confidential
3  Information shall not be allowed to retain copies.
4      4.    If a party wishes to use a document which has been marked as Confidential as an
5  exhibit to a motion or pleading filed with the Court, the party may do so without seeking that the
6  entire document be filed under seal by redacting the "confidential information" from the
7  document.
8      5.    Any persons receiving Confidential Information shall not reveal or discuss such
9  information to or with any person who is not entitled to receive such information, except as set
10 forth herein.
11     6.    Unless otherwise permitted by statute, rule or prior court order, papers filed with
12 the court under seal shall be accompanied by a contemporaneous motion for leave to file those
13 documents under seal, and shall be filed consistent with the court's electronic filing procedures
14 in accordance with Local Rule IA 10-5 and shall also comply with the requirements of *Center for*
15 *Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Notwithstanding any
16 agreement among the Parties, the Party seeking to file a paper under seal bears the burden of
17 overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City*
18 *and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d
19 665, 677- 78 (9th Cir. 2010).
20     7.    A Party may designate as "Confidential" documents or discovery materials
21 produced by a non-party by providing written notice to all Parties of the relevant document
22 numbers or other identification within thirty (30) days after receiving such documents or
23 discovery materials. Any Party or non-party may voluntarily disclose to others without restriction
24

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

any information designated by that Party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a Party contends that any material is not entitled to confidential treatment, such Party may at any time give written notice to the Party or non-party who designated the material. The Party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The Party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a) The Party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

    b) The Party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c) The Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the Party or non-party who provided such information, or (b) destroy

///

such documents within the time period upon consent of the Party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice of the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

14. This Court will only retain jurisdiction to enforce the terms of this Order while this case is pending and its jurisdiction will terminate upon the dismissal of this case.

DATED this 5th day of March, 2025.

DREHER LAW

By: /s/Ronald J. Dreher, Esq.
    Ronald J. Dreher, Esq.
    ron@dreherlaw.net
    PO Box 6494
    Reno, Nevada 89513
    Attorney for Cristina Oronoz

DATED this 5th day of March, 2025.

WASHOE COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL

By: /s/ Sara K. Montalvo, Esq.
    Sara K. Montalvo, Esq.
    sara.montavlo@washoeschools.net
    Kevin A. Pick, Esq.
    kevin.pick@washoeschools.net
    P.O. Box 30425
    Reno, Nevada 89520-3425
    Attorney for Washoe County School District

IT IS SO ORDERED.

DATED: March 5, 2025

_____
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2025, filed in Case No. 3:24-cv-00478. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information– including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information—including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order.

DATED: _____

_____
Signature

_____
Printed Name